### MOLLERE vs. BAYON.

A suit cannot be dismissed in the vacation.

If appeal be abandoned, execution shall not issue from the Court above.

THE plaintiff had judgment below, and the defendant appealed, signing himself the petition for the appeal. The papers were brought up, but, in the vacation, the defendant's attorney below ordered the clerk to enter a dismission of the appeal, which was done.

---

\* MARTIN, *J.* sat alone during this term.

The defendant, read an affidavit, stating that he had employed no attorney to prosecute the appeal—moved that the Court should order the clerk to rescind the entry, and that the cause might be reinstated.

*Hopkins*, for the plaintiff, opposed the reinstatement of the suit, on the ground that two terms had intervened since the dismission.

*By the Court.* A suit cannot be dismissed without the leave of the Court. In term time, a dismission, on payment of the costs, is generally entered, while the Court is open, as a matter of course, without any formal leave being asked : leave being presumed. But, however irregular the dismission may have been, the suit is now discontiued—the parties, two terms having intervened, are out of Court—the cause cannot be reinstated.

MOTION DENIED.

*I. Baldwin*, for the defendant, shewing that since the dismission, execution had issued from this Court, prayed a *supersedeas*.

*By the Court.* It must issue. The Parish Court is ousted of all jurisdiction in the suit, after the filing of the petition and the execution of the bond. The act of 1807, ch. 1, s. 19, directs that " whenever any petition for an appeal shall

T

Spring 1812. " be filed, and a bond executed and given, all
II. District. " proceedings in such suit, in the Parish Court,
Mollere " shall cease." The appellee is to take his reme-
*vs.* dy upon the bond.
Bayon.

WRIT ORDERED.